UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN VAN LEER, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:21-cv-00004-JPH-KMB |
| WENDY KNIGHT, *et al.*, | ) |
|       Defendants. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Kevin Van Leer, an Indiana Department of Correction inmate, alleges that three officials at the Correctional Industrial Facility were deliberately indifferent to his health and safety by failing to adequately respond to the risk of COVID-19 in 2020 and 2021. Defendants have moved for summary judgment on the basis that Mr. Van Leer did not exhaust administrative remedies before filing suit. For the following reasons, the motion for summary judgment is **DENIED**.  Dkt. [44].

**I.
Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving

party, and all reasonable inferences are drawn in the non-moving party's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II.
## Exhaustion Standard

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," the defendants face the burden of establishing that "an administrative remedy was available and that

[Mr. Van Leer] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.
### Facts & Background

#### A. Grievance Process

The Indiana Department of Correction (IDOC) has a grievance process to resolve inmates' concerns and complaints relating to their conditions of confinement prior to filing suit in court. Dkt. 41-2 at 1. The grievance process consists of three steps. First, an inmate must file a formal grievance within 10 business days of an incident if his attempt to informally resolve his issue fails. Next, if the inmate is not satisfied with the response to the formal grievance, he may submit an appeal to the warden. Finally, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the IDOC grievance manager. Exhaustion of the grievance process requires pursuing a grievance to the final step. *Id.* at 9-13.

#### B. Mr. Van Leer's Grievance History

On November 20, 2020, Mr. Van Leer submitted a grievance about an incident that happened two days earlier during which COVID safety protocols weren't followed, and he and other inmates were put at risk of contracting

COVID. Dkt. 45-3 at 6–7.[1] The grievance specialist labelled it number 120233 and responded on November 23 that video footage showed proper precautions were followed and "no further relief" was available. *Id.* at 5–6. Mr. Van Leer appealed to the warden on November 24. *Id.* at 3–4. The warden responded on November 25, agreeing that no relief was available. *Id.* Mr. Van Leer checked the box indicating he did not agree with the warden's response and signed the appeal response. *Id.* at 2. According to Mr. Van Leer's unverified response to summary judgment, COVID-19 protocols in his unit at the time grievance 120233 was pending prevented him from submitting his second-level appeal directly to the grievance specialist. Dkt. 48 at 4. He could not comply strictly with the Grievance Process, so he followed the practice in effect at the time by delivering his second-level appeal to the duty officer in his unit. *Id.*

On May 19, 2021, Mr. Van Leer submitted another grievance, number 127846. Dkt. 48-1 at 6. The grievance itself is not included in the record, but on June 14 he received response that indicates it related to COVID sanitation issues. *Id.* (explaining, among other things, that "[s]anitation procedures" were being followed and issues were being addressed in a timely manner; weekly dorm cleanliness inspections were being done; offenders were being ordered to wear masks). Mr. Van Leer appealed that response and received a response on June 23:

---

[1] The parties do not dispute that Mr. Van Leer could properly raise concerns about COVID-19 protocols and practices through the Grievance Process.

> Your grievance appeal and all attached documents have been reviewed
> I concur with the Facility level responses
>
> Grievance Appeal Addressed at the facility level
> Mr. I. Randolph is the Final Reviewing Authority Per
> Offender Grievance Process 00 02 301
> The above response serves for the Offender Grievance Manager-for the final level of review
> Mr. I. Randolph. Final Reviewing Authority Offender Grievance Process 00 02 301

*Id.* On August 11, 2021, Mr. Van Leer received a grievance return form stating that an appeal was improperly submitted directly to the department grievance manager instead of through the grievance specialist as the Grievance Process requires. Dkt. 45-2 at 1. The return form does not discuss the content of the grievance that was improperly filed, nor does it refer to a specific grievance number. *Id.*

Mr. Van Leer's amended complaint, filed on February 15, 2022, alleges the prison failed to establish adequate COVID safety protocols to protect him and other inmates. His allegations include the November 2020 incident and subsequent issues occurring through July 2021.

### C. Development of the exhaustion defense

Defendants asserted the exhaustion defense in their answer on April 18, 2022. Dkt. 33 at 2. Two days later, the Court granted Defendants six weeks to develop the affirmative defense and either move for summary judgment or request an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Dkt. 34. After securing two extensions, *see* dkts. 39, 43, Defendants filed their summary judgment motion and supporting brief on June 17, 2022. Dkts. 44, 45. The gist of Defendants' argument and designated evidence is that Mr.

5

Van Leer did not exhaust the IDOC's grievance process with respect to the November 2020 grievance, number 120233. Dkt. 45 at 6.

Mr. Van Leer responded by pointing out that the Defendants' motion and supporting brief are riddled with errors and arguing the motion should be denied on that basis alone. Dkt. 48. He also submitted evidence that suggests he exhausted administrative remedies with respect to grievance number 127846, *see* dkt. 48-1, and that he attempted to properly exhaust grievance number 120233, dkt. 48 at 6. Defendants did not reply in support of their motion for summary judgment, supplement their summary judgment materials, or otherwise respond to Mr. Van Leer's contentions.[2]

## IV.
## Discussion

Under the PLRA, "no action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even so, "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "No matter how it is raised,   . . . the failure to exhaust is an affirmative defense that the defendant must prove." *Manley v. Sevier*, 746 F. App'x 594, 596 (7th Cir. 2019).  Defendants, therefore, have the burden of establishing that Mr. Van Leer failed to exhaust administrative remedies.

In the motion for summary judgment, defense counsel indicated the motion was supported by:

Exhibit A: Declaration of Joshua Wallen

---

[2] This approach is contrary to the Entry Directing Development of Exhaustion Defense. Dkt. 34.

> . . .
> Exhibit C: Grievance 120233 filed by Plaintiff Huff

Dkt. 44 at 1. However, "Exhibit A" is a partial, two-paragraph affidavit from Grievance Supervisor Robert Stafford, dkt. 45-1; and "Exhibit C" includes papers related to grievance number 120233, filed by Mr. Van Leer, dkt. 45-3. In the supporting brief, defense counsel twice refers to Mr. Van Leer by the wrong name—"Offender Chambers"—and the summary judgment brief and motion are both dated as being drafted before the supporting affidavit was executed. *Compare* dkt. 44 (motion dated April 4) *with* dkt. 45 (brief dated June 15) *and* dkt. 45-1 (Stafford Aff. dated June 16).

Beyond the labelling and partial evidence issues, the substance of the brief does not correspond with the Defendants' designated evidence. The brief argues that "Offender Van Leer did not fully complete any of the steps of the offender grievance process", dkt. 45 at 6, despite Defendants' designated evidence that grievance 120233 was grieved through the first-level appeal within a week of the grieved event, dkt. 45-3 at 3. Defendants nowhere reference grievance 127846 and did not respond to Mr. Van Leer's argument that completion of the process with respect to that grievance fulfilled his exhaustion obligations with respect to the claims brought in this lawsuit. Dkt. 48.

Finally, Mr. Van Leer asserts that COVID-19 protocols in his unit at the time grievance 120233 was pending prevented him from submitting his second-level appeal directly to the grievance specialist. Dkt. 48 at 4. He could not comply strictly with the Grievance Process, so he followed the practice in effect at the

time by delivering his second-level appeal to the duty officer in his unit. *Id.* Faced with such evidence, Defendants were specifically instructed to either withdraw the defense, request a *Pavey* hearing, or file a reply directly confronting Mr. Van Leer's evidence regarding availability and explaining why they remain entitled to summary judgment despite that evidence. Dkt. 34 at p. 2. Instead, they remained silent.

The Defendants have not sustained their burden of showing that Mr. Van Leer failed to exhaust his available administrative remedies before filing this action.

## V.
## Conclusion

Defendants' motion for summary judgment, dkt. [44], is **denied**. Mr. Van Leer's motion to deny Defendants' summary judgment motion, dkt. [49], is therefore **granted**.

The Magistrate Judge is asked to set this matter for a status conference.

**SO ORDERED.**

Date: 12/7/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
KEVIN VAN LEER
912867
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant - Court Only

All Electronically Registered Counsel

Magistrate Judge Kellie M. Barr